Loíza Sugar Company, Plaintiff and Appellant, *v.* Luis Hernaiz-Veronne, Defendant and Appellee.

No. 3826.   Argued March 10, 1926.—Decided May 28, 1926.

*Acuña & Janer* for the appellant. *R. Rivera Zayas* and *José S. Alegría* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit for the recovery of a balance due as part of the purchase price of land sold to defendant; for the rescission of certain contracts for the grinding of cane and agricultural advances; and for money received by defendant under the agreement last mentioned.

The complaint contained three counts and the district court sustained a demurrer to the second and third of these for want of facts sufficient to constitute a cause of action.

The first count, in addition to other details in connection with the deferred payments, specifies a stipulation to the effect that—

"The non-payment of two of said annuities of the principal will cause the maturity of the total amount due, and will give a right to plaintiff to demand it with interest, costs and lawyers' fees."

It was also alleged that under the terms of this accelerating clause and by reason of default in the payment of certain instalments, the entire balance of the purchase price had become due.

As a second cause of action plaintiff alleged, among other things:

"Second: That contemporary with the contract of sale and mortgage mentioned in the averments I, II, III, of the first count, and as a condition to such sale and mortgage, the Loíza Sugar Co., and Luis Hernaiz, defendant, made the following contracts that were specified in the same deed of the 5th of June, 1919, before notary Rafael Palacios Rodríguez, to wit:

" ' (a) A contract of planting and grinding of cane by virtue of which said Luis Hernaiz was bound to plant, maintain in cultivation in the parcels of land to which the sale and mortgage refers, for ten years to be counted from the crop of 1920, sugar cane to be ground in the Central Canóvanas, property of the plaintiff Loíza Sugar Company, under the stipulations as to manner of cultivation, classes of cane, prices and all other specifications that are given in

the title, certified copy of which is in the hands of defendant Luis Hernaiz Veronne; and at the same time the Loíza Sugar Company was bound to receive and grind said cane and pay the amount that is stated in section 12 of said deed, paragraph (D).

" ' (b) A financing contract by virtue of which plaintiff was bound to pay defendant Luis Hernaiz Veronne, at his option and for each crop, as loan and destined to the cultivation, the sum of $40.00 for each acre of flat land cultivated with fall-planted cane; $35.00 for each acre of rolling ground; from $25.00 to $30.00 for each acre of spring-planted cane, and $15.00 per acre of shoot-cane, said amounts being delivered weekly to defendant Hernaiz in proportion to the expenses which he might incur during the week, the money delivered to him on account of fall-planted cane to earn no interest, but the others to earn interest at the rate established by the San Juan banks to finance plaintiff.'

*    *    *    *    *    *    *

"Fourth: And plaintiff further alleges that said contracts on cultivation and grinding of cane having been made, as well as the financing one, which were subordinated to those of sale and mortgage which were made contemporaneously with them between the parties, the non-performance on the part of defendant of the latter, specifically alleged in the first count, affects the first ones and causes their rescission."

The third cause of action hinges upon the second.

The district court held in substance that the three contracts as described in the complaint were one and indivisible and that plaintiff could not demand a rescission of the contract for the grinding of cane and for agricultural advances while insisting upon fulfilment of the obligation assumed by the purchaser, the breach of that obligation being the only ground for rescission.

Plaintiff declined to amend and appeals from a judgment of dismissal.

■■ We quite agree with appellant that the rights of the parties under their written contract must be governed by the terms of that contract. But the sufficiency of the complaint must be determined by the facts stated therein. The contract was not before the court. Plaintiff might have at-

tached the same to the complaint as part thereof or might have set forth verbatim the pertinent portions of the notarial instrument. But if the brief for appellant states the facts, then those facts were not set forth in the complaint.

Appellant now insists that there were three entirely independent contracts, "the last two being subordinated to the performance by the purchaser of the stipulations contained in the first contract of purchase and sale."

The only breach by defendant according to the complaint was his failure to meet certain deferred payments when due. The effect of such default is specified in the accelerating clause but no reference whatever is made in that clause to the grinding contract. Nor in the second count is the grinding contract conditioned upon the prompt payment by the purchaser of the various instalments of the balance of the purchase price. The language of that count is that the second and-third contracts were entered upon "as a condition of the said sale and mortgage" or "conditioned upon (*con condición de*) and subordinated to those of sale and mortgage."

The statement that breach by defendant of the contract of sale and mortgage "affects" the others "determining their rescission" is not merely a conclusion of law but a plain *non sequitur*.

The averment that the contracts simultaneously executed were entered upon "as a condition of" the contract of purchase and sale or were "conditioned upon" that contract, whatever the meaning of such language may be, does not convey the thought that a failure to meet certain instalments would not only produce the result specified in the accelerating clause but also operate a forfeiture of all rights under such other contracts.

We also concur with appellant in the doctrine announced in the following extract:

"As a general rule the right to rescind must be exercised *in toto*. The contract must stand in all its provisions, or fall alto-

gether. Accordingly, a party cannot repudiate a contract or compromise so far as its terms are unfavorable to him and claim the benefit of the residue. As a partial rescission is not allowed by law, one who has sufficient cause to rescind a contract for fraud must rescind the whole or none. But it is not to be overlooked that this is a rule of construction based upon the intention of the parties to the contract, and not a rule of law controlling that intention. A partial rescission may therefore be allowed where the contract is a divisible one." 6 R.C.L. sec. 318, p. 936.

The contracts herein may be one and inseparable, as held by the court below, or wholly independent each of the other as claimed by appellant in its brief. But plaintiff can not be permitted to treat them as an entirety for the sole purpose of establishing a ground of rescission as to two of them in the absence of any stipulation in this regard and at the same time insist upon the several character of each contract in so far as the legal effect of such entirety is concerned.

The judgment appealed from must be affirmed.